## DEMCO DEVELOPMENT CORPORATION *v.*
## DEPARTMENT OF REVENUE

John H. Hammond, Jr., Biggs, Hutchison & Hammond, Oregon City, represented plaintiff.

James D. Manary, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff and remand to defendant August 4, 1976.

Revised — Or —, — P2d — (Oct. 18, 1977).

CARLISLE B. ROBERTS, Judge.

The defendant's Order No. VL 75-634, dated November 14, 1975, from which appeal is taken by the plaintiff to this court, relates to real property owned

by the plaintiff in Benton County in the tax year 1974-1975. The property is described as a motel, restaurant, and cocktail lounge located on 3.39 acres of land in Corvallis and is identified in the county assessor's records as Parcel No. 26000, Code Area 9-01, T 11, R 5 W, 26 D B. The issue submitted to this court is whether defendant properly dismissed plaintiff's petition to the defendant for want of jurisdiction, on the ground that plaintiff had failed to exhaust its administrative remedies, not having appealed the assessed value of the subject property to the county board of equalization.

The County Assessor of Benton County determined that the value of the subject property should be increased as of January 1, 1974, to meet the requirements of ORS 308.205 and 308.210. The increase was of such amount as to require the county assessor to give notice to the plaintiff pursuant to ORS 308.280. This statute requires that notice shall be made by mail in the manner provided in subsection (5), which reads in part:

"(5) Notices required by subsections (3) and (4) of this section shall be mailed not later than the first Monday in May to the person to whom the property is assessed *at the address appearing in the tax records. * * *"* (Emphasis supplied.)

A timely notice of the change in valuation, dated April 29, 1974, was mailed by the county assessor, using a form complying fully with the requirements of ORS 308.280. The Notice was addressed to "Demco Development Corp., 1550 NW 9th, Corvallis, Ore 97330," the latest address appearing in the assessor's records. (It is also the address used by plaintiff in its petition to the defendant on which the present suit is based, filed with the defendant on November 13, 1974.) The assessor's record on which the assessor's

office relied is an "Assessor's Journal Voucher," prepared on March 15, 1973, in connection with the request of Mr. Murray Dorsey, the president of Demco Development Corporation, asking that two tax accounts constituting the subject property be combined into one. Mr. Dorsey specified that the statement of the transaction was to be mailed to Demco Development Corporation, 1550 N.W. 9th Street, Corvallis, Oregon 97330.

The testimony shows that 1550 N.W. 9th Street in Corvallis is the address of Nendel's Inn, the motel located on the subject property, and that the office address of Demco is 1500 N.W. 9th Street which, according to the testimony, "is right next door to the motor inn."

The Notice of Change in Assessed Valuation, addressed to Demco Development Corporation, 1550 N.W. 9th, Corvallis, was sent in a window envelope by the assessor's office, postmarked May 3, 1974. The envelope was placed in evidence and reveals a penned "slash mark" through the window, followed by the words in the same or similar ink "Not here." (There appears to be no way to determine who wrote the two words.) Above the window of the envelope are two stamped imprints, unquestionably placed on the envelope by the post office. One impression shows a hand with the index finger pointing to the assessor's return address and the statement, "Returned to sender." The second stamped impression contains a number of statements, preceded by "boxes," with an inked check mark preceding the word "Unclaimed." Another stamp on the envelope reads: "Rec'd May 9 '74 Benton County Assessor."

No testimony was offered to show why the plaintiff used the street number of the motor inn for delivery of its mail instead of the number of its nearby

office. The court infers that the corporation made some one or more clerks of the motel its agent or agents for the receipt of the corporation's mail, but there is no specific testimony in the record.

Mr. Roy Fordham, of Hillsboro, Oregon, a certified public accountant who is a stockholder in Nendor, Inc., the owner and operator of Nendel's Inn, 1550 N.W. 9th Street, Corvallis, Oregon 97330, and also the accountant for the plaintiff corporation, agreed that 1550 N.W. 9th Street, Corvallis, was the proper address for the assessor's office to use in mailing notices to the taxpayer. He testified that none of the corporation's officers or agents had received the notice of change in assessed valuation and gave this as the sole reason why the owner never appealed the increase in assessed value to the county board of equalization. The corporation's first actual notice of the increase was the tax statement received early in November 1974.

Upon being questioned as to whether he had checked with the office personnel at 1550 N.W. 9th Street (Nendel's Inn) as to whether any of them recall having received this notice, Mr. Fordham stated:

"A The ones that were there at—when I found out about it, I didn't know that they had a notice so I could not check with them so I don't know where—who received the notice that was—I see a copy of a returned envelope [Dft Ex B, above described] and I don't know who wrote that ['Not here'] on there. It could be any desk clerk; it could be anybody. I have no knowledge of who did it.

"Q Then you have—then you actually don't have—then you have no knowledge as to who the personnel were at the 1550 address during this time? In particular, the first part of May of 1974?

"A The first part of May in '74, our manager

was a man by the name of Robert Schiller that had just started to work there on the 1st of April and he was there from April 1st until about the 20th of August."

A question was thus raised but not answered as to whether the corporation's agent to receive mail had actually received the notice and returned it, unopened, to the post office.

In addition to arguing the lack of notice under ORS 308.280, the plaintiff urges the theory of "quasi estoppel" as being applicable to preserve its rights. (*See Rogers et al v. Dept. of Rev.,* 6 OTR 139 (1975).)

Mr. Fordham testified that, after learning that the assessed value had been increased, as shown by the tax statement, he immediately arranged a meeting in the assessor's office to learn what remedies were available to the plaintiff. A part of the testimony in this matter was as follows:

"Q Mr. Fordham, you testified to having a meeting at the assessor's office where you were advised that your remedy in this matter was to appeal to the Department of Revenue. Do you— do you recall any of the specifics of that—what that advice was?

"A Just what I stated that I—I met with Mr. Bushnell and his immediate superior there at the assessor's office and we went through this program of not receiving any notice. If I—obviously, if I knew such an assessment existed, we would have protested immediately and he said, 'Well, there is a certain provision in the Oregon law that allows you to file a petition by December 15th,' at which point I had ample time in which to draft one and get documentary evidence that the assessor wished to see, such as the contract for construction and a breakdown. They questioned the cost of the

swimming pool and a few other building components.

"Q Do I understand, then, that he advised you of the—of the possible remedy through that statute?

"A He said, 'This is the way to do it,' yes."

The court assumes that the provision in the Oregon law cited by the assessor's employee was ORS 308.280(6):

"(6) A taxpayer complaining of such increased assessment may petition the county board of equalization as provided in ORS 309.100. *The failure to give any notice* as provided for in this section shall not invalidate the assessment, and *in such case the taxpayer, without having first petitioned the county board of equalization, may appeal directly to the Department of Revenue* in the manner provided in ORS 306.520, or to the small claims division of the Oregon Tax Court as provided in ORS 305.515 to 305.555. The appeal must be filed not later than December 15 of the year of assessment. Orders of the Department of Revenue are subject to appeal as provided in ORS 306.545 to 306.560." (Emphasis supplied.)

On first reading, the words in the subsection, "[t]he failure to give *any* notice," suggests only a complete failure by the assessor to mail the prescribed notice from his office. But there are other situations which may result in failure to give actual notice to the taxpayer. In some of these, the assessor will be at fault (*e.g.*, the use by him of a superseded address, the correct address being on file); in others, the taxpayer will lack a proper excuse (*e.g.*, the delivery of the notice during a lengthy absence of the taxpayer from an address correctly used by the assessor; a change of address without notification to the assessor). *Cf. Renewal House, Inc. v. Dept. of Rev.*, 5 OTR 638 (1974).

The county assessor fulfilled his statutory duty

by following the requirements of ORS 308.280, even though a correctly addressed notice was returned to his office. Unrebutted testimony of the county assessor in this case showed that the returned notice, received in the assessor's office on May 9, 1974, was routinely checked in the telephone directory for a better address and none was found. (The assessor testified as to the procedure and commented: "We get several hundred notices back each year * * *.")

The fact that the notice was returned to the assessor unopened leads to the conclusion that the taxpayer received no actual timely notice of increased assessment and this fact is established by the testimony. If this were clearly the consequence of the taxpayer's having appointed a negligent agent, the court would be required to find a binding constructive notice. However, although the testimony is not firm, the preponderance of the evidence, based on Mr. Fordham's unrefuted statements, is that no notice was ever delivered to plaintiff's agent. Mr. Fordham's testimony as to his inquiries at Nendel's Inn, and the fact that the notice was returned with the statement of nondelivery, are sufficient to overcome the disputable presumption, ORS 41.360(24): "A letter duly directed and mailed was received in the regular course of the mail." The defendant apparently made no investigation at Nendel's Inn, presented no testimony of its own on the question, and did nothing in the course of the trial to cast doubt on the plaintiff's testimony on this important point.

 Since ORS 308.280(6) is a remedial statute, to be liberally construed to furnish all the remedy and accomplish all the purposes the legislature intended, the court finds that the statutory language, relating to "failure [of the assessor] to give any notice," is applicable to the facts as found in this case, where a correctly addressed notice is returned un-

opened to the assessor and no actual or constructive notice can be charged or imputed to the taxpayer.

It follows that the defendant has jurisdiction to examine the merits of plaintiff's petition received by it on November 13, 1974, and, pursuant to the stipulation of the parties and ORS 305.425(3), the case is remanded to the defendant to determine the true cash value of subject property as of January 1, 1974.

In view of the court's decision, it is not necessary to determine the estoppel question.

Each party will bear its own costs.