# DEMCO DEVELOPMENT CORPORATION,
## *Respondent,*
### *v.*
# DEPARTMENT OF REVENUE, *Appellant.*
## (No. 1007, SC 24678)
### 570 P2d 64

James D. Manary, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Theodore W. de Looze, Chief Tax Counsel, Salem.

John H. Hammond, Jr., Oregon City, argued the cause for respondent. With him on the brief were Biggs, Hutchison & Hammond, Oregon City.

Before Denecke, Chief Justice, and Tongue* and Linde, Justices, and Campbell, Justice Pro Tempore.

DENECKE, C. J.

---

*Tongue, J., did not participate in the decision in this case.

**DENECKE, C. J.**

The plaintiff taxpayer, Demco Development Corporation, filed an appeal with the Department of Revenue in an attempt to reduce the property tax assessment of a tract of real property. The appeal was dismissed by the Department for lack of jurisdiction. On appeal, the Tax Court reversed. 6 OTR 502 (1976). We again reverse, reinstating the order of the Department of Revenue.

In May 1974 a notice of increased assessment for taxpayer's land was sent by the Benton County Tax Assessor pursuant to ORS 308.280. This notice was properly addressed and mailed. It is not known what actually happened to this notice, but it was eventually returned unopened to the assessor's office.

In November 1974 the taxpayer received its real property tax statement. Believing the assessed value to be too high, the taxpayer met with the assessor. At the meeting, the assessor suggested that the taxpayer file an appeal with the Department of Revenue. The taxpayer subsequently filed an appeal, relying upon ORS 308.280. That statute provides, in part, that when a real property valuation increases 5 per cent or more, the assessor shall give notice of the increase to the landowner. ORS 308.280(1).[1] The essential portion of the statute for our purposes provides as follows:

> "* * * The failure to give any notice as provided for in this section shall not invalidate the assessment, and in such case the taxpayer, without having first petitioned the county board of equalization, may appeal directly to the Department of Revenue * * *." ORS 308.280(6).

---

[1] The statute (ORS 308.280(1)) provides:

"Whenever, in any year, the county assessor:

"(a) Increases the assessed valuation * * * of real property more than $400 or five percent * * *,

"* * * * *.

the assessor shall give notice of the increase in valuation as provided in this section."

This subsection clearly allows a taxpayer in some instances to make a direct appeal to the Department without the usual necessity of first appealing to the county board of equalization. ORS 306.515.

The Department of Revenue found that the provisions of ORS 308.280(6) were applicable only when the assessor failed to mail the notice of increased assessment as required by that section. The Tax Court reversed.

The Tax Court reasoned that the language of ORS 308.280 was ambiguous and that the intent of the legislature could not be determined. Finding this to be a remedial statute, the court decided that it should be liberally construed to require that the taxpayer receive actual notice. The Tax Court determined that actual notice had not been received and remanded to the Department of Revenue.

We agree that the language of this statute is somewhat ambiguous. We are also reluctant to find that a requirement of notice is satisfied when neither actual nor constructive notice is received. But we are convinced from investigating the history of this particular statute that the legislature did not intend to require that the taxpayer actually receive notice.

Prior to 1951 no notice of any kind of an increase in

---

Subsection (5) provides:

"Notices required by subsections (3) and (4) of this section shall be mailed not later than the first Monday in May to the person to whom the property is assessed at the address appearing in the tax records. The county assessor shall retain a copy of each notice or a computer listing of the same information contained in the notice sent under this section for a period of one year. Failure of the county assessor to retain such a copy or listing is prima facie evidence that notice was not given as required by this section. If the assessor retains a computer listing of the notices as provided in this subsection, he shall execute and attach to the list or maintain on file in his office an affidavit which states the date of mailing and the beginning and ending ascending register reading of the postage meter for each batch of notices contained in the list, together with a facsimile of the notice sent and a stamp from the postage meter used to affix the postage to the mailings."

assessed valuation was required. The taxpayer could only obtain this information by going to the assessor's office and reading the assessment roll. This court stated:

> "* * * When an assessment roll has been filed, it furnishes constructive notice to all owners of taxable property named therein of the value placed upon their property by the assessor * * *." *West Portland Park v. Kelly,* 29 Or 412, 420, 45 P 901 (1896).

In 1951 the legislature enacted the forerunner of the present statute. Oregon Laws 1951, ch 518, p 899. Section 2 provided that whenever the assessor increased the assessed valuation by more than $100 or 5 per cent, the assessor shall give the taxpayer notice. The assessor had the option of giving notice by including the increases in valuation and the names of the taxpayers affected in the posted notice of the meeting of the board of equalization or by mailing the taxpayer an unsealed postcard. Section 4 provided that if the assessor did not give such notice, the taxpayer could appeal the assessment to the Department of Revenue. Such an appeal must be made no later than December 15 of the year of assessment. (The assessment roll must be completed by May 1. ORS 308.219)

The statute was amended in 1953 to require mailing of notice in all cases to which the statute applied.

It is clear that the legislature did not intend that the taxpayer receive actual notice when this statute was first enacted. A central posting of the notice cannot be calculated to give actual notice. Yet appeal to the Department of Revenue was to be available upon "the failure to give notice as provided in this section." We find no reason to believe that the subsequent amendment requiring mailing of the notice to all affected taxpayers evidences a change in the legislature's intention regarding this matter. We, therefore, hold that the direct appeal provision of ORS 308.280(6) is applicable only when the assessor fails properly to mail the notice required by ORS 308.280.

■ The taxpayer argues that the Department of Revenue is estopped to dismiss its appeal under our decisions in *Pilgrim Turkey Packers, Inc. v. Department of Revenue,* 261 Or 305, 493 P2d 1372 (1973), and *Johnson v. Tax Commission,* 248 Or 460, 435 P2d 302 (1967). *See, also, Cascade Manor, Inc. v. Department of Revenue,* 5 OTR 482 (1974); *Proud Truck Sales v. Department of Revenue,* 4 OTR 566 (1971). However, the taxpayer misconceives the thrust of those decisions. In both *Pilgrim* and *Johnson* the taxpayers were misled by the taxing authorities with the result that they became ineligible for tax benefits they would otherwise have received. We held as a result that the taxing authority could not then deny them those benefits. But in the present case the taxpayer was already ineligible to appeal under ORS 308.280 in November 1974, the time when it was allegedly misled regarding its appeal rights. Thus, the Department of Revenue cannot be estopped to deny that appeal right.

Reversed.