Argued and submitted March 15, affirmed June 23, 1982

THRIFT,
*Petitioner,*
*v.*
ADULT & FAMILY SERVICES DIVISION,
*Respondent.*
(2-0201-JEE586, CA A22580)
646 P2d 1358

Donna R. Meyer, Oregon Legal Services, Albany Regional Office, Albany, argued the cause for petitioner. On the brief was Nancy M. Helget, Oregon Legal Services Corporation, Albany Regional Office, Albany.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Petitioner seeks review of an Adult and Family Services Division (AFS) decision assessing a charge for a $282 overpayment against her. The issue presented is whether AFS is equitably estopped from recovery of the overpayment.

The facts are taken from an agreed statement of facts submitted to the hearings officer. Petitioner correctly completed her earnings reports in June, 1980, which should have resulted in a grant of $125 in July. Because of agency error, her grant for July was suspended. After discovering the suspension, the AFS branch worker issued a check for $124. A second check for $125 was sent out later. This resulted in an overpayment of $124 in July. Petitioner also correctly completed her earnings reports in July for the August grant. She reported receiving two unemployment checks of $158. The branch office erroneously recorded only one of these checks. This error resulted in an overpayment in August of $158. Before cashing the excess checks, petitioner checked with the branch office and was informed that she was entitled to them and should use the money. Believing that she was entitled to the two overpayments totaling $282, petitioner cashed the checks and used the funds for family needs.

AFS sought recovery of $282. At the hearing, petitioner argued that AFS should be equitably estopped from assessing her for the overpayments. The hearings officer, however, concluded that equitable estoppel did not apply and assessed the overpayment to be paid back at reasonable intervals.

An "overpayment" is a public assistance payment to a person in any amount exceeding that for which the person is eligible. OAR 461-07-250. An overpayment may result from agency or client error. OAR 461-07-250; 461-07-255.[1] The amount of an overpayment is a debt owed to

---

[1] OAR 461-07-255 provides in part:

"(1) An overpayment which results from an action specified in subsections (1)(a) through (d) of this rule is classified as an administrative error overpayment except when it is determined that the recipient knows or should know that the payment represents an overpaid amount as provided in rule 461-07-260:

the State of Oregon and is subject to recovery. OAR 461-07-270. Petitioner concedes that she was not entitled to the $282 overpayment under AFS eligibility standards but argues that AFS is nonetheless estopped from recovery of that amount.

We recently stated in a dictum that the theory of equitable estoppel is applicable against governmental agencies in this state. *Glover v. Adult and Family Services Division,* 46 Or App 829, 835, 613 P2d 495 (1980). While that statement is true in the abstract, it is not particularly helpful in deciding other cases because the application of equitable estoppel against the state or its agencies depends on the facts of each case. *See generally Johnson v. Tax Commission,* 248 Or 460, 464, 435 P2d 302 (1967) (tax commissioner estopped to collect tax only if taxpayer shows substantial inequity); *Belton v. Buesing,* 240 Or 399, 411, 402 P2d 98 (1965) (under appropriate circumstances the state may be estopped to assert a claim inconsistent with a previous position taken by it); *Brusco Towboat v. State Land Bd.,* 30 Or App 509, 567 P2d 1037 (1977), *aff'd in part, rev'd in part* 284 Or 627, 589 P2d 712 (1978) (generally, equitable estoppel is inapplicable against the state because errors of government officials should not prevent the government from subsequently correcting that error). We have declined to apply equitable estoppel against the government or its agencies on numerous occasions. *See, e.g., Shiloh Youth Revival Center v. Emp. Div.,* 44 Or App 81, 605 P2d 704 (1980); *Pacific Northwest Bell Tel. Co. v. Sabin,* 21 Or App 200, 534 P2d 984 (1975); *Clackamas County v. Emmert,* 14 Or App 493, 513 P2d 532 (1973).

A review of cases in which equitable estoppel has been successfully invoked against the government reveals that the individuals asserting estoppel would otherwise

---

"(a) AFS fails to reduce, suspend or terminate assistance upon receipt of information which forms the basis for such action; or

"(b) AFS fails to use the correct standard of assistance; or

"(c) AFS fails to compute or process a payment correctly; or

"(d) AFS fails to require an applicant/recipient of General Assistance who has applied for SSI to complete an Interim Assistance Agreement.

" * * * * *"

have received the particular benefits at issue but for the agencies' misleading or ambiguous assertions. For example, in *Glover v. Adult and Family Services, supra,* the petitioner's children were eligible for dental services. Payment was denied for those services because prior authorization in the form of agency invoices had not been filled out before the dental work was completed. We noted that under the circumstances, " * * * the agency must be estopped from applying the prior authorization rule where no information or hopelessly confusing information has been given to the applicant as to how to meet the prior authorization requirement." 46 Or App at 837. In *Pilgrim Turkey Packers, Inc. v. Department of Revenue,* 261 Or 305, 493 P2d 1372 (1973), and *Johnson v. Tax Commission,* 248 Or 460, 435 P2d 302 (1967), the taxpayers seeking to assert equitable estoppel were misled by the taxing authorities with the result that they became ineligible for tax benefits they would otherwise have received. *See also Demco. Dev. Corp. v. Dept. of Rev.,* 280 Or 117, 122, 570 P2d 64 (1977).

In the present case, petitioner concedes that under AFS eligibility standards she was not entitled to the $282 overpayment. This is not a case where agency error caused the petitioner to lose a benefit to which she was otherwise entitled. We recognize the attractiveness of applying equitable estoppel to the circumstances in which petitioner finds herself because of the AFS "administrative error." We decline, however, to apply estoppel against AFS to bar recovery of the $282 overpayment.

Affirmed.