Argued and submitted March 11, affirmed May 11, reconsideration denied June 24, petition for review denied September 20, 1983 (295 Or 631)

HOWARD,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

(82-AB-1151; CA A25558)

663 P2d 429

Robert M. Atkinson, Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for petitioner.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

No appearance for respondent Tidewater Dry Kilns.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Petitioner seeks review of a final order of the Employment Appeals Board which affirmed the referee's decision denying petitioner's request to extend the time to appeal from an administrative decision of the Employment Division. We affirm.

Petitioner left his employment at Tidewater Dry Kilns as a lumber grader on August 4, 1981. He filed a claim for unemployment compensation benefits. The Employment Division on August 26, 1981, denied him benefits, because he had "voluntarily left work without good cause." Petitioner did not appeal the decision within 20 days. *See* ORS 657.265(3).

Printed on the reverse side of the copy of the administrative decision petitioner received was the following information:

"CONDITIONS FOR SATISFYING A
DISQUALIFICATION

"IF BENEFITS WERE DENIED BECAUSE IT WAS FOUND THAT YOU:

"Were discharged or suspended for misconduct connected with your work — or — voluntarily left work without good cause — or — failed without good cause to apply for available suitable work when referred — or — failed without good cause to accept suitable work when offered

"YOU ARE DISQUALIFIED UNTIL YOU HAVE
EITHER:

"(1)   Performed service for which remuneration is received equal to or in excess of your weekly benefit amount in 4 separate weeks subsequent to the week in which the disqualifying act occurred, or

"(2)   Registered for work at an employment office and subsequently established that you were able, available, actively seeking and unable to obtain suitable work in 8 separate weeks by claiming benefits for each of such weeks subsequent to the week in which the disqualifying act occurred.

"* * * * *

"APPEAL RIGHTS AND PROCEDURES
"TO THE CLAIMANT AND THE EMPLOYER:

"If you believe this decision is contrary to the law or facts

and if you want a hearing, the law provides that you must file a Request for Hearing within 20 days of the date of mailing. The last day for this timely filing is shown on the face of this form. This period may be extended for a reasonable time if good cause can be shown for late filing.

"* * * * *"

Petitioner satisfied the eight-week disqualification in paragraph (2). *See* ORS 657.176. Benefits were then reinstated and continued on an uninterrupted basis. About April 3, 1982, petitioner received a "pre-exhaustion notice." It advised him that the balance on his Oregon unemployment insurance claim was reduced to $300 and "if you are still unemployed and desire to continue claiming benefits, contact your local office for information about other entitlement for which you might be eligible."

Petitioner contacted the local Employment Division office and was informed that he was not eligible for "Extended Benefits" during an additional 13 weeks, because he had not yet worked one week since the date of the disqualifying separation in August, 1981, for a remuneration at least equal to petitioner's benefit amount. ORS 657.325 (as amended by Or Laws 1981, ch 46 (effective April 5, 1981)).

On April 12, 1982, petitioner requested a hearing on the August 26, 1981, decision. ORS 657.875 provides that the 20-day period within which a petitioner may request a hearing by the referee "may be extended, upon a showing of good cause therefor, a reasonable time under the circumstances of each particular case." The referee held that petitioner failed without good cause to file a request for hearing within the 20-day limit. The referee stated:

"Although the claimant's representative argued that the failure of the Administrative Decision to include information regarding its possible effect on the claimant's receipt of Extended Benefits justified the claimant's delay in filing a Request for a Hearing, that argument is not persuasive * * * the fact that the claimant was unaware of all possible future effects of the disqualification is not a grounds for extending the time for filing an appeal."

The Employment Appeals Board affirmed, stating:

"We have consistently held that failure to understand a decision and its impact does not constitute good cause to

extend the appeal period. Therefore, we find that claimant's lack of understanding of all possible future effects of the Administrative Decision is not grounds for extending the time for filing an appeal."

Our scope of review of the Board's decision not to extend claimant's appeal period is defined by ORS 183.482(7) and (8).[1] *See* ORS 657.282. Petitioner does not argue that respondent erroneously interpreted a provision of law or exercised its discretion outside its delegated range of discretion, or that its position is inconsistent with any agency rule, officially stated agency position or prior agency practice.[2] Neither does he argue that respondent violated a statute or rule which requires it to advise him of all the effects of its administrative decision that he had "voluntarily left work without cause." No such statute or rule exists. *Compare* ORS 656.268(3); *see also*

---

[1] ORS 183.482 provides:

"* * * * *

"(7) Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion. * * *

"(8) (a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

[2] Respondent has by rule defined "good cause" and "a reasonable time" for purposes of ORS 657.875:

"(1) 'Good cause' exists when it is established by satisfactory evidence that factors or circumstances beyond reasonable control of the appellant caused the late filing.

"(2) 'A reasonable time', as used in ORS 657.875, is when the appellant acted reasonably promptly in filing the request for hearing after the cessation of the circumstances which prevented the filing of the request for hearing within the statutory period." OAR 471-40-010.

*McPherson v. Employment Division*, 285 Or 541, 591 P2d 1381 (1979).

Petitioner, however, claims that because respondent did not advise him of all the effects of its administrative decision it was equitably estopped to deny him a delayed appeal. Petitioner also claims that he was deprived of due process of law under both the federal and state constitutions because, by failing to disclose the impact of the administrative decision on his extended benefits, respondent "effectively foreclosed an appeal."

■ Petitioner's claim that he was denied due process is without merit. The notice he received was sufficient to enable a person of ordinary perception to understand the nature and purpose of the notice, to advise petitioner that he was denied employment benefits because he had "voluntarily left work without good cause" and to inform him of his appeal rights. His appeal rights were not "effectively foreclosed" by the notice he received.

■ We also find no merit in petitioner's argument for equitable estoppel. Respondent's failure to advise him when it notified him of the administrative decision that he could also be disqualified from extended benefits if he did not work an additional week is not the type of misleading and ambiguous governmental conduct for which the court has applied the doctrine of equitable estoppel. *See Pilgrim Turkey Packers v. Dept. of Rev.*, 261 Or 305, 493 P2d 1372 (1972); *Johnson v. Tax Commission*, 248 Or 460, 435 P2d 302 (1967); *Belton v. Buesing*, 240 Or 399, 411, 402 P2d 98 (1965); *Thrift v. Adult & Family Services Div.*, 58 Or App 13, 646 P2d 1358 (1982); *Glover v. Adult and Family Services Division*, 46 Or App 829, 613 P2d 495 (1980); *Shiloh Youth Revival Center v. Emp. Div.*, 44 Or App 81, 605 P2d 704 (1980).

In *Glover v. Adult and Family Services Division, supra,* the agency was required to disclose eligibility requirements to applicants for dental benefits. Here, respondent is not required either by statute or rule to advise petitioner of the disqualifications which could result from his failure to appeal. In *Glover,* furthermore, the petitioner would have received the dental benefits if the agency had not given her misleading or ambiguous information. In *Johnson v. Tax Commission, supra,* the taxpayer was ineligible for tax benefits he would otherwise

have received because the taxing authorities misled him. In *Thrift v. Adult & Family Services Div., supra,* the court declined to apply equitable estoppel against the division, because the agency error did not cause the petitioner to lose a benefit to which she was otherwise entitled. Here, it was at best uncertain if petitioner would have appealed the administrative decision even if he had been advised of the additional disqualification that was possible. The referee concluded that petitioner did not appeal the administrative decision for reasons that had nothing to do with ignorance of the possible disqualification for extended benefits. We cannot say that claimant would otherwise have received the extended benefits but for the failure of the notice to advise him of the need to work an additional week. The Employment Division was not estopped to deny petitioner's request to extend the time for appeal.

Affirmed.