IN THE TAX COURT OF THE
STATE OF OREGON

The SOCIETY OF ST. VINCENT DePAUL
OF PORTLAND, OREGON
*v.*
DEPARTMENT OF REVENUE
(TC 3928)

Curtis A. Welch, Linstedt & Buono, Portland, represented plaintiff (taxpayer).

Joseph P. Dunne, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered October 16, 1996.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from the termination of a property tax exemption for leased property for the 1994-95

tax year. Taxpayer contends that the Department of Revenue's (department) administrative rule requiring a new application when a lease is extended is void because it exceeds the statute. Taxpayer also claims that the tax authorities are estopped from denying it a property tax exemption by reason of misleading conduct. The department concedes that taxpayer is a qualifying charitable organization and uses the property for charitable purposes. Thus, the dispute focuses on taxpayer's failure to apply for exemption.

Taxpayer is an Oregon nonprofit corporation affiliated with an international organization engaged in charitable activities. Taxpayer's activities include the operation of thrift stores. The subject property is located in Milwaukie and is one of three properties leased by taxpayer for use as a thrift store. Taxpayer first leased the subject property in 1987 for three years, from October 1, 1987, to September 30, 1990. On August 1, 1990, the original lease was modified and extended for an additional three years to September 30, 1993. In connection with that extension, taxpayer apparently applied for property tax exemption because the Clackamas County Assessor notified taxpayer by letter that the exemption was approved. The letter included a statement that:

> "The exemption will remain in effect until the termination of the lease, September 30, 1993. Therefore, this exemption will be granted through the fiscal year ending June 30, 1994."

On September 16, 1993, taxpayer entered into a new lease agreement which provided for an original term of two years with an option to extend for two more years. Taxpayer did not submit a new application for property tax exemption. The Clackamas County Assessor wrote a letter to taxpayer on January 7, 1994, indicating that the 1990-93 lease would have expired on or before June 30, 1994. The letter states:

> "If you have signed a new lease or negotiated an extension of the current lease, you must file a new application [for exemption] with our office on or before April 1, 1994."

Assuming taxpayer received this notice, and there was no evidence to the contrary, taxpayer had almost three full months to file an application. Taxpayer did not file an application and, subsequently, the assessor terminated taxpayer's

property tax exemption for the 1994-95 tax year. Taxpayer appeals from that act of the assessor.

## ISSUES

The two issues presented to the court are:

1.  Did the old lease expire so that a new lease required a new application?

2.  Did the tax authorities engage in misleading conduct and, if so, are they estopped from requiring taxpayer to file a new application for property tax exemption?

■   ORS 307.112[1] provides an exemption from real property taxes for property that is leased and used by a charitable organization in its work. The statute requires the lease agreement to expressly recite that the rent reflects below market rent resulting from the exemption. This is intended to ensure that the charitable organization benefits from the exemption. The charitable organization must also file a written application for exemption. The relevant portion of the statute provides:

> "The exemption shall continue so long as the use of the property remains unchanged *and during the period of the lease or lease-purchase agreement. * * * If* the lease or lease-purchase agreement expires before July 1 of any year, the exemption shall terminate as of July 1 following the date of expiration of the lease or lease-purchase agreement." ORS 307.112(4) (emphasis added).

■   Taxpayer contends that the original lease did not expire and that the lease beginning October 1, 1993, was merely an extension of the original lease. This contention is based more on hope than analysis. Taxpayer offered no evidence concerning the circumstances surrounding the execution of the new lease. There is no language in the new lease indicating an intent to merely extend the prior lease. To the contrary, the document reflects a new lessor, a different rent schedule, and different terms. Taxpayer did not introduce into evidence the original lease, which covered the period from 1987 to 1990. It only introduced the Lease Modification

---

[1] All references to the Oregon Revised Statutes are to 1995.

and Extension Agreement extending the original lease to September 30, 1993. Consequently, the court is unable to determine whether the original lease even resembled the new lease. The court finds that the lease agreement executed September 16, 1993, is a new lease and taxpayer needed to file a new application for property tax exemption.

■       Taxpayer claims that the tax authorities engaged in misleading conduct and are estopped from requiring a new application for property tax exemption. To succeed on a claim of estoppel, taxpayer must establish: "(1) misleading conduct, (2) good faith reliance on that conduct, and (3) injury to the party claiming estoppel." *Sayles v. Dept. of Rev.*, 13 OTR 324, 328 (1995).

■       Taxpayer's evidence consisted of its witness testifying from memory as to ambiguous remarks made by an employee of the Columbia County Assessor's office.[2] Apparently, the employee suggested that taxpayer need not file a new application for exemption even though the old lease had been extended. However, taxpayer's witness testified that she did not rely upon the remarks of the Columbia County employee. She testified that taxpayer's failure to file an application was not influenced by such conduct. The failure to file the application for exemption was not a conscious decision. Estoppel requires reasonable reliance on the misleading conduct. Here, there was no reliance much less reasonable reliance. Furthermore, taxpayer offered no testimony or evidence to indicate the *Clackamas* County Assessor's office misled it in any way. Clearly this situation does not call for estoppel.

Taxpayer's pleas do not fall on deaf ears. It is a charitable organization and the property would have qualified if taxpayer had filed the application timely. However, this is no basis for setting aside the clear requirements of the statute. This situation emphasizes the need for taxpayers to respond to communications from government. In this case, the Clackamas County Assessor's office administered the laws in a clear and effective manner. Its communications

---

[2] Those remarks by the Columbia County Assessor's office related to a property taxpayer leases in Columbia County.

with taxpayer in writing specified the conditions that needed to be met and provided taxpayer adequate opportunity to comply. Taxpayer cannot ask for more.

The court finds that the department's Opinion and Order No. 94-4923 must be sustained. The department to recover costs and disbursements.