ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT
This matter is before the court on Plaintiff's Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment. There appears to be no dispute of material fact.
 FACTS
Plaintiff (taxpayer) did not file personal income tax returns for 1991 through 1996 until June 15, 1998. As filed, taxpayer's returns for 1991 and 1992 reported refunds due, which taxpayer carried over as payments on subsequent years. Defendant Department of Revenue (the department) disallowed the refund carryovers and issued assessments. The refund claims were disallowed because the returns were not filed within three years of their due date. ORS 314.415(1)(b)[1] states in part:
 "No refund shall be allowed or made after three years from the time the return was filed, or two years from the time the tax or a portion thereof was paid, whichever period expires the later, unless before the expiration of such period a claim for refund is filed by the taxpayer in compliance with ORS 305.270, nor shall a refund claimed on an original return be allowed or made in any case unless the return is filed within three years of the due date, excluding extensions, of the return in respect of which the tax might have been credited. If a refund is disallowed for the tax year during which excess tax was paid for any reason set forth in this paragraph, the excess shall not be allowed as a credit against any tax occurring on a return filed for a subsequent year."
(Emphasis added.)
The tax instruction booklets for 1991 and 1992 did not warn taxpayers that there was a three-year limit on refunds. Taxpayer contends that the booklets are misleading, and the department should be estopped from denying his claims for refunds.
 ISSUE
Is taxpayer entitled to have the refunds for 1991 and 1992 applied to subsequent years?
 ANALYSIS
There is no question that taxpayer failed to file his 1991 and 1992 income tax returns within three years as required by ORS 314.415(1)(b) to obtain a refund. Therefore, taxpayer's only argument is that the department is estopped by failing to include instructions in its booklets warning taxpayers that there is a three-year limit on refunds. Although taxpayer argues this point, nowhere does taxpayer claim or allege that he relied upon the booklets as the reason for not filing his returns. Reliance must be shown when claiming estoppel.
Society of St. Vincent DePaul v. Dept. of Rev., 14 OTR 47
(1996). To the contrary, taxpayer indicated that he did not file his returns because he was suffering from depression. Consequently, the booklets played no role in taxpayer's failure to file, and the department is not estopped.[2]
Taxpayer also requested that relief be granted due to legislation enacted by the 1999 legislature. Although the Oregon legislature did amend ORS 314.415 to allow for suspension of the period if a taxpayer qualifies under section 6511(h) of the Internal Revenue Code, it did not make that law retroactive. Therefore, it does not apply to taxpayer's case.
Now, therefore, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied, and IT IS FURTHER ORDERED that Defendant's Cross Motion for Summary Judgment is granted. Costs to neither party.
[1] All references to the Oregon Revised Statutes are to 1997.
[2] In so finding, the court is not implying that omissions in the instruction booklets can be a basis for estoppel.