## IN THE OREGON TAX COURT
## REGULAR DIVISION

Noell WEBB,
*Plaintiff,*

v.

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4731)

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Noell Webb, Plaintiff (taxpayer) filed a response *pro se*.

Decision for Plaintiff rendered December 6, 2005.

Decision on merits rendered April 7, 2006. *See Webb v. Dept. of Rev.,* 19 OTR 20 (2006).

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss filed by Defendant Department of Revenue (the department). Noell Webb (taxpayer) appeared *pro se* on her own behalf. The department was represented by counsel.

## II. FACTS

Taxpayer did not file her personal income tax return for tax year 2000 before April 15, 2001. Instead, she obtained an extension from the federal government allowing her until October 15, 2001, to file with the Internal Revenue Service. The department received taxpayer's return for tax year 2000 on July 24, 2004, and denied her refund claim made on that return. Taxpayer appealed to the Magistrate Division. The magistrate denied her appeal, ruling that taxpayer had missed the deadline for claiming refunds because state law requires claims for refunds to be submitted "within three years of the due date, excluding extensions." ORS 314.415(1)(b)(A).[1]

In this court, taxpayer claims that the department should be estopped from denying her a refund based on her late filing. The department filed a motion to dismiss tax-payer's complaint on the basis of Tax Court Rule (TCR) 21 A(8) (failure to state ultimate facts sufficient to constitute a claim). In reviewing a motion to dismiss, the court must view as true all allegations in the complaint and give the plaintiff the benefit of all reasonable inferences arising from those allegations. *Lourim v. Swensen*, 328 Or 380, 387-88, 977 P2d 1157 (1999). The court must "confine its analysis to the facts alleged in the complaint" and disregard affidavits and other evidence. *Black v. Arizala*, 337 Or 250, 265, 95 P3d 1109 (2004) (construing ORCP 21 A, on which TCR 21 A is based).

In her Complaint, taxpayer asserts that she called the department on April 9, 2004, and spoke with State Tax Taxpayer Assistance employees who provided her with

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 1999 edition. The relevant statutes did not change between April 15, 2001 and April 15, 2004, nor did the parties raise any issue as to which statutes control this matter.

"misleading information that was contrary to ORS 314.415(1)(b)(A) regarding the due date of tax year 2000 returns with an approved extension." Specifically, taxpayer asserts that "Defendant was asked when tax year 2000 taxes are due, if a taxpayer has an extension. Defendant stated that tax year 2000 was due on August 15, 2004." Taxpayer claims she reasonably relied on that incorrect statement and thus failed to file her return on time and receive a refund.

To corroborate her description of that phone call, taxpayer asserts in her Complaint that she called the department at (503) 378-4988 on June 10, 2005, at 5:13 p.m. She asked Donna, an employee of the department: "[I]f a taxpayer has an extension, when are 2001 taxes due?" Donna told taxpayer "they are due on August 15, 2005." Taxpayer then repeated the question and prompted Donna for "clarification" because taxpayer has learned through the course of this litigation that state personal income tax returns for tax year 2001 must be submitted by April 15, 2005, in order to qualify for a refund. According to taxpayer, "Donna corrected her answer and said that the 2001 taxes were due on April 15, 2005, and she admitted that her prior answer was incorrect. Donna stated that both the State and Federal taxes for 2001 were due April 15, 2005.

## III. ISSUE

Has taxpayer alleged in her complaint ultimate facts sufficient to constitute a claim of estoppel?

## IV. ANALYSIS

■　　To claim estoppel successfully, taxpayer must prove three elements: (1) misleading conduct on the part of the department; (2) taxpayer's good faith, reasonable reliance on that conduct; and (3) injury to taxpayer. *Society of St. Vincent DePaul v. Dept. of Rev.*, 14 OTR 47, 50 (1996). The third element is not at issue in this case.[2]

---

[2] The department claims that there is an additional element to estoppel claims: that the misrepresentation be made with the intent to induce the taxpayer's reliance. *See Wilkinson v. PERB*, 188 Or App 97, 103, 69 P3d 1266 (2003) (so stating). However, no such intent is required in the context of estoppel claims against taxing authorities. *See Cascade Manor, Inc. et al v. Dept. of Rev.*, 5 OTR 482, 487 (1974) (noting that the element has been "disregarded by the [Oregon] Supreme Court").

## A. *Misleading Conduct*

■ The parties focus their dispute on the first element. In *Johnson v. Tax Commission*, 248 Or 460, 463, 435 P2d 302 (1967), the Oregon Supreme Court held that taxpayers can claim estoppel against governmental taxing authorities only "when there is proof positive that the collector has misinformed the individual taxpayer." *See also Pilgrim Turkey Packers v. Dept. of Rev.*, 261 Or 305, 493 P2d 1372 (1972) (applying *Johnson*).[3] Here, the parties dispute whether taxpayer has alleged facts that are "proof positive" that the department misled her. This court understands "proof positive" as a "stringent proof requirement." *Hoyt Street Properties LLC v. Dept. of Rev.*, 18 OTR 313, 319 (2005). In past cases, this court has found such proof in incorrect or misleading documents sent by taxing authorities to the taxpayer. *See, e.g., Portland Adventist Hospital v. Dept. of Rev.*, 8 OTR 381 (1980) (incorrect documents); *Schellin v. Dept. of Rev.*, 15 OTR 126 (2000) (misleading documents). This court has also found "proof positive" in a taxing authority's misleading course of conduct. *Cascade Manor, Inc. et al v. Dept. of Rev.*, 5 OTR 482 (1974); *Hinson v. Dept. of Rev.*, 7 OTR 397, 400 (1978).

■ In contrast, this court has held that "[m]ere testimony that the government orally misguided taxpayer, is generally, by itself, insufficient." *Schellin*, 15 OTR at 131. Recently, this court granted summary judgment against an estoppel claim because the taxpayer's affidavit stating in "general terms" that a government employee had given him incorrect information lacked specificity. *Patton I v. Dept. of Rev.*, 18 OTR 111, 122 (2004). In the present case, taxpayer

---

[3] The department expends much energy contesting the notion that ORS 314.415 is subject to an exception for estoppel. In support of its contention, the department cites several federal cases construing section 6511 of the Internal Revenue Code, which the department claims is similar to ORS 314.415. In each of those cases, the court held that section 6511 is not susceptible to an exception for equitable tolling. The department, however, fails to distinguish equitable tolling from equitable estoppel. The former concerns a court's ability to set aside statutory deadlines when a taxpayer misses those deadlines for reasons personal to the taxpayer. The latter concerns a court's ability to set aside statutory deadlines when a taxpayer misses those deadlines due to the state's misleading conduct. Moreover, the Oregon Supreme Court explicitly held in *Johnson* that estoppel applies to state taxing authorities, and the court has cited *Johnson* approvingly numerous times since. *See, e.g., Welch v. Washington County*, 314 Or 707, 716, 842 P2d 793 (1992).

describes the phone calls she made to the department in 2004 and 2005[4] in more than mere "general terms." While taxpayer's description of those conversations is vague, for purposes of a motion to dismiss they contain facts, and raise reasonable inferences, which, if accepted as true for purposes of this motion, could constitute "proof positive" that the department's employee misled taxpayer in 2004 into filing her return too late to receive a refund. *See Delgado v. Souders*, 334 Or 122, 135, 46 P3d 729 (2002) (noting that parties may prove elements of their civil claims through reasonable inferences).

## B. *Reasonable Reliance*

■     To successfully claim estoppel, taxpayer must prove that her reliance on the department's misleading statements was reasonable (in good faith). *Schellin*, 15 OTR at 135; *Cascade Manor*, 5 OTR at 486. The department argues that taxpayer's reliance was not reasonable because, even if the department misled taxpayer as to the law, she had constructive notice of the actual law and should have known that the department had no legal authority to extend the statutory deadline. The cases on which the department relies, however, are not wholly on point, and conflict with Supreme Court precedent that is, and can be explained by, the same estoppel principles that have guided this court's precedent.

In *Committee in Opposition v. Oregon Emergency Correc.*, 309 Or 678, 683-84, 792 P2d 1203 (1990) (*Committee*), the plaintiffs relied on a media notice posted by a state agency that described the process by which the agency would site an energy facility. The notice was not required to, and did not, mention certain conditions citizens would have to meet in order to appeal the agency's decision. *Id.* When the plaintiff's were barred from appealing the agency's decision

---

[4] Unlike the 2004 call, the 2005 call occurred after the date when taxpayer's tax year 2000 return was due if taxpayer wished to receive a refund: April 15, 2004. Taxpayer could not have relied on the 2005 call in failing to file her tax year 2000 return on time. *See Demco Dev. Corp. v. Dept. of Rev.*, 280 Or 117, 570 P2d 64 (1977) (holding that estoppel cannot be applied when the misleading conduct occurred too late for the taxpayer to have relied on it detrimentally). Taxpayer, however, does not claim to have relied on the 2005 call, but merely offers it as evidence corroborative of her description of the 2004 call. *See Hoyt*, 18 OTR at 319 (stating that a court might consider such evidence in similar circumstances).

because they did not meet the conditions, they claimed estoppel. *Id.* at 683. The court held that because the laws at issue were "published in the public domain" and did not require notice regarding the appeals process, "any reliance by petitioners on the media notice to inform them of the statutory appeal conditions was patently unreasonable, precluding estoppel." *Id.* at 686-87. Nonetheless, the department misplaces its reliance on *Committee.* The court in that case did not hold that citizens may never claim estoppel when the government misstates the law. The plaintiffs in *Committee* did not rely on misinformation because the media notice said nothing about the appeal conditions and it was not required to. In those circumstances, the court held that it was unreasonable for the plaintiffs to think there were no appeal conditions merely because the notice did not describe any: the plaintiffs should have looked to published law to fill the void. The present matter is different. Here, it is alleged that a government agent affirmatively told a taxpayer that a different deadline applied to her than what the law actually imposed. There was no silence to be filled by reference to published statutes.

*Dept. of Transportation v. Hewett Professional Group*, 321 Or 118, 895 P2d 755 (1995) is also of no help to the department. In that case, Hewett had received oral assurances from the Department of Transportation (ODOT) that Hewett's property would not be condemned. *Id.* at 127. Tri-Met subsequently published notice that it, and not ODOT, had authority over the matter; that it planned to condemn Hewett's property; and that Hewett could object to the proposal at an upcoming hearing. *Id.* Hewett did not attend the hearing and Tri-Met condemned the property. *Id.* at 125. The court rejected Hewett's estoppel claim, holding that Hewett could not reasonably have relied on ODOT's statements "[g]iven the publication of the relevant law." 321 Or at 127. That was not the only basis for the court's ruling, however. The court also emphasized that it was unreasonable for Hewett to rely on ODOT's prior oral statements after Tri-Met published written notice informing Hewett that ODOT had no authority to make those statements. *Id.*; *see also Smith v.*

*Dept. of Rev.*, 13 OTR 206, 210 (1994) ("When written materials containing accurate information and advice are given to taxpayers, taxpayers may not continue to rely on an understanding based on oral representations or discussions which are contrary to the written information."). Furthermore, the law is clear that the acts of one agency cannot estop another agency. *See Davidson v. Oregon Government Ethics Comm.*, 300 Or 415, 423, 712 P2d 87 (1985); *Patton*, 18 OTR at 121. Under a traditional estoppel analysis, then, Hewett's reliance would have been unreasonable even if the applicable statute had not been published. By contrast, in the present case the department was the only agency involved and taxpayer received no additional, let alone contradictory, communications from the department following the 2004 phone call.[5]

Most importantly, the statements in *Committee* and *Hewett* to the effect that the Supreme Court will deny estoppel claims whenever a government agency misstates the law, would mark a significant shift away from the court's precedent. *But see Mannelin v. DMV*, 176 Or App 9, 13 n 4, 31 P3d 438 (2001), *aff'd by an equally divided court*, 336 Or 147, 82 P3d 162 (2003) (declining to follow *Pilgrim Turkey* because "the case clearly has been superseded by subsequent authority that categorically, and repeatedly, requires a misstatement of existing material fact" and bars claims premised on a misstatement of law). When the court first held that estoppel applies to state taxing authorities in *Johnson*, it made no mention of the fact that the relevant laws were available in the public domain. 248 Or at 463. When the court again considered an estoppel claim against a taxing authority in *Pilgrim Turkey* it again made no reference to the law's accessibility. 261 Or at 310. As this court has noted before, "access to the pertinent law was available to the parties in each instance but the court appears to have waived" that element. *Cascade Manor*, 5 OTR at 488; *see also Montessori School of Eugene v. Lane County Assessor*, 16 OTR 198, 204-05 (2000) (noting the same). *Committee* and *Hewett* may indicate a shift in the law that affects taxing authorities as well as other

---

[5] Indeed, in taxpayer's 2005 call the department apparently reinforced its earlier statements from the 2004 call.

government agencies, but this court will wait for confirmation before abandoning *Johnson* and *Pilgrim Turkey*, as well as its own precedent.[6]

## V. CONCLUSION

Based on the foregoing reasons, the court concludes that taxpayer's Complaint contains ultimate facts that, if proven and combined with reasonable inferences drawn from those facts, could be sufficient to constitute a claim of estoppel. Moreover, this court rejects the department's arguments that taxpayer's reliance was unreasonable. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is denied.

---

[6] In a related vein, the department relies on *Wilkinson* for the proposition that reliance on an agency's *ultra vires* acts or statements is inherently unreasonable. 188 Or App at 103. *Wilkinson* in turn cited the Supreme Court's decision in *Wiggins v. Barrett & Associates, Inc.*, 295 Or 679, 697, 669 P2d 1132 (1983), in which the Supreme Court allowed an estoppel claim, in part, because the agency's statement "was *intra vires*, i.e., it was within the lawful powers of the District." *See also Hewett*, 321 Or at 126 (citing *Wiggins* for a similar proposition). In none of those cases was the existence of an *ultra vires* act or statement dispositive, and all are explainable under the estoppel principles espoused in *Johnson* and other cases more on point. Indeed, the doctrine of equitable estoppel would nearly disappear in the taxation context if it did not apply when an agency misstates the law. That is why the Supreme Court in *Johnson* granted the estoppel claim despite the agency's misstatement that the taxpayer had more time to submit a form than the law allowed. 248 Or at 464. Accordingly, this court declines the department's invitation to abandon *Johnson* and its progeny.