IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

C. H. OLSON, TRUSTEE OF THE )
CHARLES H. OLSON TRUST, )
 )
Plaintiff, ) TC-MD 150119D
 )
v. )
 )
WASHINGTON COUNTY ASSESSOR, )
 )
Defendant. ) **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal, entered June 2, 2015. The court did not receive a statement of costs and

disbursements within 14 days after its Decision of Dismissal was entered. *See*

TCR-MD 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed

April 13, 2015, requesting that Plaintiff's Complaint be dismissed. A case management

conference was held on April 29, 2015. At the conclusion of the conference, Plaintiff was

allowed time to file a written response to Defendant's Motion. Plaintiff filed a written response

(Response) to Defendant's Motion on May 4, 2015. Defendant filed its Response to Timely

Filing on May 11, 2015.

## I. STATEMENT OF FACTS

Plaintiff filed his Complaint on March 23, 2015, appealing a Washington County Board

of Property Tax Appeals (BOPTA) Order for the 2014-15 tax year. The BOPTA Order stated

that BOPTA sustained the property values found by Defendant: a real market value of $142,850

and a maximum assessed value and assessed value of $128,510. (Ptf's Compl at 3.) In his

Complaint, Plaintiff asserted that "[t]he assessed value has not been calculated according to the

constitution." (*Id.* at 1.) Plaintiff provided his own calculation of the assessed value, which he computed by multiplying the real market value stated in the BOPTA Order ($142,850) by a changed property ratio of 74.7 percent, resulting in an assessed value of $106,709. (*Id.* at 2.)

In its Motion, Defendant requested that the court dismiss Plaintiff's Complaint as untimely because "Plaintiff's appeal was not filed within 30 days of mailing of the BoPTA order as required by law." (Def's Mot at 1.) Defendant noted that the BoPTA Order shows that it was mailed on February 10, 2015. (*Id.*) Defendant asserted that "Plaintiff may not independently appeal [to] this court when an appeal was taken to BOPTA, [citing] ORS 305.275(3)." (*Id.*)

In his Response, Plaintiff offered an explanation for why he did not file his Complaint until March 23, 2015. (Ptf's Resp at 1.) Plaintiff explained that he has been living in Mesa, Arizona, since December of 2014. (*Id.*) Plaintiff wrote:

> "[t]he U.S. Postal service did not forward our mail as requested and I received the counties [sic] decision rather late. I don't recall exactly when, but I had to call them to get a second copy. The second copy came with forms and instructions for filing an appeal with your office if I so desired. I have reviewed this information and find nothing about a time limitation for filing an appeal."

(*Id.*) Plaintiff wrote that his partner had "some unplanned surgery on April 9, 2015[,]" and that Plaintiff assumed the role of primary caregiver during "the pre and post operative sessions." (*Id.*)

## II. ANALYSIS

A.    *ORS 305.280(4):  30-day deadline*

Defendant argues that the court should dismiss Plaintiff's appeal because Plaintiff failed to file his Complaint within the 30-day period provided by ORS 305.280(4). (Def's Mot at 1.) ORS 305.280(4) requires that "an appeal to the tax court * * * from an order of a county board of property tax appeals shall be filed within 30 days after the date of the * * * mailing of the order

* * *."[1]  The BOPTA Order shows a mailing date of February 10, 2015.  (Ptf's Compl at 3.)

Plaintiff had until March 12, 2015, to timely appeal to this court.  Plaintiff filed his Complaint on

March 23, 2015, after the 30-day statutory deadline had passed.  Plaintiff's appeal was not timely

filed with this court.

B.      *Plaintiff's constitutional argument*

Plaintiff argues that Defendant's calculation of the assessed value is unconstitutional

under Article XI, section 11 of the Oregon Constitution.  That section reflects the codification of

Measure 50, which was in enacted in 1997.  Under Measure 50, the assessed value of property is

the lesser of the property's maximum assessed value or real market value.  *See* Or Const, Art XI,

§ 11(1)(f); *see also* ORS 308.146(2).  Generally, the maximum assessed value of property cannot

increase more than three percent per year.  *See* Or Const, Art XI, § 11 (1)(b); *see also* ORS

308.146(1).  There are, however, exceptions to that general rule, and the constitutional provision

to which Plaintiff cites addresses those exceptions.  In such cases, the maximum assessed value

is determined by multiplying the real market value of the portion of the property that falls under

the exception by the changed property ratio, which is the average maximum assessed value over

the average real market value for property in the same area and class.  *See* Or Const, Art XI, §

11(1)(c).  That value *is added* to the maximum assessed value for any remaining portion of the

property that falls outside of the exception.  *See* ORS 308.153 (new property and new

improvements); ORS 308.156 (subdivision or partition, rezoning, omitted property, property

disqualified from exemption); *see also Village at Main St. Phase II, LLC v. Clackamas County

Assessor*, No. TC-MD 070804D, WL 4767460, at *4 (Oct 28, 2008) (discussing calculation of

maximum assessed value for new improvements to property).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

The court does not have enough information before it to determine how Defendant calculated the assessed value or if Defendant complied with the Oregon Constitution, and applicable statutes and regulations, in doing so. However, because Plaintiff's appeal is untimely, the court is limited to determining whether it has jurisdiction to hear Plaintiff's appeal.

C.     *Jurisdiction under ORS 305.275*

Defendant argues that ORS 305.275(3) bars Plaintiff's appeal. (*See* Def's Mot at 1.) That statute provides, in part, that "[i]f a taxpayer may appeal to the board of property tax appeals * * * then no appeal may be allowed *under this section*." ORS 305.375(3) (emphasis added). For property tax appeals, ORS 305.275 allows for an appeal "to the magistrate division * * * as provided in ORS 305.280 * * *." As discussed above, Plaintiff failed to comply with ORS 305.280 because he did not file his appeal within 30 days after the date the BOPTA Order was mailed. *See* ORS 305.280(4). Consequently, Plaintiff is not entitled to appeal under ORS 305.275. The court therefore lacks jurisdiction to consider Plaintiff's appeal under that statute.

D.     *Jurisdiction under ORS 305.288*

The Oregon Legislature understood that in certain situations a taxpayer would not be able to timely file an appeal. *See Marsee v. Clackamas County Assessor*, TC-MD 050041D, WL 1089833, at *1 (Mar 24, 2005). The legislature granted this court the authority to consider an otherwise untimely appeal, and thus correct errors on the tax roll, provided that certain conditions are met. *See* ORS 305.288(1), (3).

Relevant here, the court may have jurisdiction to consider an otherwise untimely appeal if the subject property is residential and the taxpayer alleges and proves an error in real market value of at least 20 percent. ORS 305.288(1). In addition, under ORS 305.288(3), the court may also have jurisdiction if the taxpayer shows that "good and sufficient cause exists" for failing to

pursue his statutory right of appeal. The court will consider whether Plaintiff's appeal meets the requirements of either ORS 305.288(1) or (3).

1.    *ORS 305.288(1): 20 percent error in real market value*

ORS 305.288(1) requires, in part, that Plaintiff allege and prove an error in real market value of at least 20 percent. The court looks to Plaintiff's Complaint to see if he has alleged a 20 percent error in real market value. Plaintiff argues that Defendant's calculation of real market value is unconstitutional. (Ptf's Compl at 1.) In Plaintiff's view, Defendant should have calculated the assessed value by multiplying the subject property's real market value by a changed property ratio of 74.7 percent. (*Id.* at 2.) Plaintiff's calculation relies on the real market value ($142,850) found by Defendant. (*Id.*) Plaintiff has not alleged an error in real market value of at least 20 percent; he has not challenged Defendant's determination of real market value at all. Plaintiff's appeal fails to meet the requirements of ORS 305.288(1).

2.    *ORS 305.288(3): Good and Sufficient Cause*

The court may consider Plaintiff's appeal if he can demonstrate that his failure to timely appeal from BOPTA was for "good and sufficient cause." ORS 205.288(5)(b) defines "good and sufficient cause" as:

> "(A) * * * an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
>
> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

ORS 305.288(5)(b) thus sets forth a two part test: first, the taxpayer must show an "extraordinary circumstance" beyond his control. Second, the taxpayer must prove a causal connection between the extraordinary circumstance and his failure to pursue his statutory right of appeal. *Mt. Olive*

*Park Dev. v. Multnomah County Assessor*, TC-MD 081006D, WL 4958862, at *1 (Nov 21, 2008).

Plaintiff wrote that the U. S. Postal Service did not properly forward his mail from his address in Oregon to his address in Arizona. (Ptf's Resp at 1.) Plaintiff alleged that he received the BOPTA Order "rather late[,]" but he cannot recall when. (*Id.*) It is unclear whether Plaintiff received the BOPTA Order after the statutory deadline had passed, or if he merely received the BOPTA Order later than he otherwise would have, but with enough time to file an appeal with this court. There is no evidence that the delay in receiving the BOPTA Order actually caused Plaintiff's untimely filing.[2]

Plaintiff wrote that the "forms and instructions for filing an appeal" that he received with the BOPTA Order did not include information about the 30-day statutory deadline. (Ptf's Resp at 1.) Lack of knowledge of a taxpayer's appeal rights will not support a finding of good and sufficient cause for failing to exercise those rights, but receiving misleading information from a taxing authority might. *See* ORS 305.288(5)(b)(B). There is no evidence before the court that Plaintiff is alleging that those "forms and instructions" that were given to Plaintiff were misleading. (*See* Ptf's Resp at 1.) Plaintiff alleges that the information he received from BOPTA was incomplete, in that it did not mention the 30-day deadline for filing an appeal, but he did not submit any evidence to support that allegation. This court has previously held that when a taxpayer has been given incomplete information from a taxing authority, "it is the taxpayer's burden to look 'to [the] published law to fill the void.' " *River Place Partners, LLC v. Multnomah County Assessor*, TC-MD 060059D, WL 2237254 at *2 (July 24, 2006) (quoting *Webb v. Dept. of Rev.*, 18 OTR 381, 386 (2005)).

---

[2] The court also notes that while operations of the U.S. Postal Service are outside of Plaintiff's control, Plaintiff could have provided BOPTA with his address in Arizona.

Plaintiff also referenced the April 9, 2015, surgery of his partner and Plaintiff's role as her caregiver as an explanation for his untimely appeal. While the court sympathizes with Plaintiff and his partner, the unplanned surgery occurred almost one month after the filing deadline had passed. The surgery could not have caused Plaintiff to miss his filing deadline. Based on the foregoing, the court concludes that that Plaintiff has not demonstrated good and sufficient cause for failing to timely file his appeal.

### III. CONCLUSION

Plaintiff did not timely appeal from the BOPTA Order, as required by ORS 305.280(4). Plaintiff has not requested a reduction in real market value of more than 20 percent or demonstrated that good and sufficient cause exist for his failure to timely file his appeal. The court has no jurisdiction to consider Plaintiff's appeal, and Defendant's Motion must be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. The Complaint is dismissed.

Dated this ___ day of June 2015.


_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on June 22, 2015.*