IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ROCHELL M. WRIGHT,    )
    )
        Plaintiff,    )    TC-MD 180330G
    )
    v.    )
    )
DEPARTMENT OF REVENUE,    )
State of Oregon,    )
    )    **ORDER GRANTING**
        Defendant.    )    **DEFENDANT'S MOTION TO DISMISS**

This matter came before the court on Defendant's Motion to Dismiss, alleging Plaintiff's Complaint was untimely. Plaintiff appealed a notice of proposed refund adjustment denying her the Working Family Household and Dependent Care (WFHDC) credit for the period ending December 31, 2016. That notice was dated June 26, 2017. Her Complaint was received by the court in a meter-stamped envelope dated September 20, 2018, and filed on September 24, 2018.

A taxpayer receiving a notice of proposed adjustment is entitled to appeal to this court "within 90 days after the date the notice of adjustment is final." ORS 305.280(2). Recipients of such notices may seek administrative review from Defendant by requesting a conference or submitting written objections "within 30 days of the date of the notice of proposed adjustment[.]" ORS 305.270(4)(b). If no such administrative review is sought, the notice of proposed adjustment becomes final at the expiration of the 30-day period. *See* ORS 305.270(5)(b). Thus, a taxpayer who takes no other action is allowed 120 days from the date of a notice of proposed adjustment to appeal to this court.

Here, Plaintiff's Complaint was filed over a year after the date of the notice of proposed refund adjustment, and there is no indication that she sought administrative review of that adjustment during that time.

In her response, Plaintiff admits her Complaint was untimely but argues her failure to timely appeal was due to a misleading statement in Defendant's Notice of Proposed Refund Adjustment (the Notice). Plaintiff identifies the following statement, which she claims "omitted the portion of the law which favored the taxpayer while highlighting the portion of the law which was misleading and bolstered their denial":

> "We adjusted or denied your total qualifying expenses because you didn't provide enough proof that you paid the provider for their services. When your provider is someone with whom you have a personal relationship, such as a friend or relative, you must provide receipts showing that you paid the provider and proof you made the payment. A receipt from that provider alone is not enough."

Plaintiff states that because she had already "sent all the information she possessed" to Defendant, when she read the above statement "she believed she had no case with which to appeal." Specifically, Plaintiff believed "that her relationship with her mother disqualified her from claiming the credit."

Plaintiff has raised an estoppel argument.[1] For a taxpayer to successfully claim estoppel, three elements must be proven: "(1) misleading conduct on the part of the department; (2) taxpayer's good faith, reasonable reliance on that conduct; and (3) injury to taxpayer." *Webb v. Dept. of Rev.*, 18 OTR 381, 383 (2005).

The facts in this case do not support estoppel. Plaintiff, after reading the Notice and considering what documentation she possessed, came to believe that "her relationship with her mother disqualified her from claiming the credit." However, it is beside the point whether Defendant made errors or omissions as to the substantive law.[2] The key point is that Plaintiff

---

[1] Plaintiff cites to ORS 305.288(3), a statute allowing relief in property tax cases to taxpayers with "good and sufficient cause" for failing to appeal timely. While that statute is inapplicable in income tax cases, its conditions for relief resemble the conditions for common-law estoppel.

[2] Plaintiff alleges that Defendant's Notice omitted relevant law favorable to her, citing without explanation subparagraphs (C) and (D) of IRC section 21(b)(2), pertaining to dependent care centers. Although the relevance of Plaintiff's cited subparagraphs is not obvious, it may be Plaintiff cites them to show that payments to her mother

does not allege Defendant misled her about her ability to appeal. The Notice contained over a page of appeal rights, including the following:

> "If you don't file your appeal with us within 30 days, or you want to appeal a written objection or conference decision, you must appeal directly to the Magistrate Division of the Oregon Tax Court.

> "If you didn't submit a written objection or request a conference, you must file your appeal within 120 days of the date of our original notice informing you of the adjustment to your refund. If you're appealing the decision from your written objection or conference, you must file your appeal within 90 days of the date of the written decision regarding your appeal."

Plaintiff does not allege the above statements were misleading. The facts indicate that Plaintiff did not timely appeal because she believed she "had no case," not because she was misinformed about her right to appeal or the pertinent deadlines.

Plaintiff's Complaint was untimely filed and she has not shown that Defendant's conduct justifies estoppel. Now, therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is granted.

Dated this ____ day of January, 2019.

 

                          POUL F. LUNDGREN
                          MAGISTRATE

***This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.***

***This document was signed by Magistrate Poul F. Lundgren and entered on January 25, 2019.***

---

could be eligible for the WFHDC credit because her mother operated a dependent care center. However, nothing in the Notice indicates the credit is unavailable where the child-care provider is a relative; the Notice clearly implies the contrary by stating Defendant's requirement that proof of payment be provided where the child-care provider is a friend or relative. Taxpayers are generally required to "maintain all records that are necessary to a determination of the correct tax liability" and provide them to the Department of Revenue during an audit. OAR 150-314-0265(2)(a); 150-314-0267.