IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| TERRY A VOLLERTSEN, Trustee, and | ) | |
| TERRY A. VOLLERTSEN LIVING TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 210060N |
| | ) | |
| v. | ) | |
| | ) | |
| DESCHUTES COUNTY ASSESSOR, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter came before the court on Defendant's motion to dismiss (motion), filed

April 16, 2021, as part of Defendant's Answer.  During the case management conference held

May 6, 2021, the parties agreed to a written briefing schedule on Defendant's motion.  The

parties filed briefs in accordance with that schedule.  This matter is now ready for the court's

determination.

## I.  STATEMENT OF FACTS[1]

Plaintiffs appeal the value of property identified as Accounts 276673 and 276674 (subject

properties) for the 2019-20 and 2020-21 tax years.  (Compl at 1.)  The subject properties are two

townhomes built in 2018 in the Maple Meadows subdivision in Redmond.  (*Id.* at 2, 7.)

Plaintiffs purchased the subject properties in October 2018 for $294,502 each.  (*Id.*)  For the

2019-20 tax year, the tax roll real market value of each lot was $339,730 and the maximum

assessed value was $185,850.  (*Id.* at 25-26.)  Plaintiffs disagreed with those values and called

---

[1] Because Defendant moves to dismiss Plaintiffs' Complaint for failure to state facts sufficient to constitute a claim, the court accepts Plaintiffs' alleged facts as true for purposes of considering the motion.  *See* Tax Court Rule (TCR) 21 A; *see also Gray v. Dept. of Rev.*, TC 5324, 2018 WL 6722660 at *1 (Or Tax Dec 20, 2018) ("On a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, the court's review is limited to the allegations, accepted as true, made in the complaint.")

Defendant's office five times in 2019 to discuss the subject properties' values.[2] (Ptfs' Resp at 1, May 12, 2021.) During those phone calls, Defendant told Plaintiffs that the tax roll value "was the assessor's opinion and if [Plaintiffs] wanted to appeal it, [they] would have to bring in data on comparable properties located in the same subdivision." (*Id.*) Defendant further stated that "homes built in other areas that were older with different floor plans and square footages would not be comparable to" the subject properties. (*Id.*) Plaintiffs were unable to identify any comparable sales from the subdivision because the subject properties were some of the first homes built there. (*Id.*) Plaintiffs "inquired about [their] sales price in relation to the real market value" and were "told that it had no bearing * * *." (Ptfs' Resp at 2, Jun 1, 2021.)

Plaintiffs acknowledge that Defendant "informed [them] of [their] right to appeal." (Ptfs' Resp at 1, Jun 1, 2021.) However, Defendant told Plaintiffs that it would be "standing by" its opinion of value. (*Id.*) Based on those conversations and their prior experience with the Board of Property Tax Appeals (BOPTA), Plaintiffs concluded that an appeal would be fruitless; BOPTA "will almost always capitulate to the assessor's recommendation." (*Id.*) As a result, Plaintiffs were "thoroughly dissuaded" from filing an appeal. (Ptfs' Resp at 1, May 12, 2021.)

For each of the two subject properties, Plaintiffs request that the court (1) reduce the 2019-20 real market value to $294,502 based on their purchase price; (2) reduce the 2019-20 maximum assessed value to $161,093; and (3) reduce the 2020-21 maximum assessed value from $191,420 to $165,926. (Compl at 1-3.) Plaintiffs accept BOPTA's determination that the 2020-21 real market value was $310,000, a reduction from the original tax roll value of $350,990. (*Id.* at 2-4.)

---

[2] Defendant disputes the timing of Plaintiffs' phone calls, alleging that the calls occurred in 2020, after the deadline to file an appeal with BOPTA, instead of in 2019; the parties each supplied phone records to support their positions. (*See* Def's Response.)

Defendant moves the court to dismiss Plaintiffs' Complaint because (1) Plaintiffs failed to timely appeal to BOPTA for the 2019-20 tax year, precluding Plaintiffs from filing an appeal for that year with this court; (2) Plaintiffs have failed to state a claim under ORS 305.288 because Plaintiffs have not alleged an error of at least 20 percent in the 2019-20 real market value; and (3) Plaintiffs are not aggrieved for the 2020-21 tax year because they accept the 2020-21 real market value determined by BOPTA. (Ans at 1.)

## II. ANALYSIS

The issue is whether the court must grant Defendant's motion to dismiss.

A.      *2019-20 Tax Year*

Oregon law provides taxpayers with several avenues to appeal the value of their property. The primary avenue for contesting the values assessed by the county is to file an appeal with BOPTA under ORS 309.100. *See also* 309.026. BOPTA may hear appeals for the current tax year of real market value, maximum assessed value, and assessed value. *See id.* If a taxpayer or the county assessor is dissatisfied with BOPTA's determination, either party may appeal to this court within 30 days from the BOPTA Order mailing date. ORS 305.275(3), 305.280(4). When a taxpayer may appeal to BOPTA, "then no appeal may be allowed" to the court. ORS 305.275(3). If a taxpayer fails to appeal to BOPTA, then the taxpayer may only appeal to this court under the exceptions found in ORS 305.288.

Plaintiffs failed to file an appeal with BOPTA for the 2019-20 tax year and may not, therefore, appeal to this court under ORS 305.275(3). For the court to order a change or correction to the 2019-20 tax year, Plaintiffs must meet the requirements of ORS 305.288.

1.      *Appeals under ORS 305.288 generally*

For taxpayers who fail to appeal to BOPTA, ORS 305.288 may provide an additional

avenue for relief.  Under ORS 305.288, the court may order a change or correction if: (1) the property is a dwelling that is significantly overvalued; or (2) if the taxpayer demonstrates "good and sufficient cause" for failing to timely appeal to BOPTA.  In both circumstances, the court may make a correction only for the current tax year and either or both of the preceding two tax years.  ORS 305.288(1), (3).  The "current tax year" is the tax year in which the appeal is filed.  ORS 305.288(5)(a); ORS 306.115(5).  Plaintiffs filed their Complaint in March 2021, making the 2020-21 tax year the current tax year.  The 2019-20 tax year is one of the two preceding years, so the court could order a change or correction for that year if Plaintiffs satisfy the other requirements under ORS 305.288.

2.    *ORS 305.288(1): 20 error in real market value*

For the court to make a correction under ORS 305.288(1), Plaintiffs must allege an error of at least 20 percent in the 2019-20 real market value of each of the subject properties.  The difference between the 2019-20 tax roll real market value of $339,730 and Plaintiffs' requested real market value of $294,502 is 13 percent (rounded), which does not meet the 20 percent threshold.  Plaintiffs have failed state a claim under ORS 305.288(1) for the 2019-20 tax year.

3.    *ORS 305.288(3): "Good and Sufficient Cause"*

The tax court may order a change or correction under ORS 305.288(3) if a taxpayer can demonstrate "good and sufficient" cause for failing to timely appeal to BOPTA.  "Good and sufficient cause" means "an extraordinary circumstance that is beyond the control of the taxpayer * * * that causes the taxpayer * * * to fail to pursue the statutory right of appeal."  ORS 305.288(5)(b)(A).  Excluded from the definition of "good and sufficient cause" is "inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

305.288(5)(b)(B).  Plaintiffs here allege "good and sufficient" cause exists because they were provided with misleading information by an authorized tax official, Defendant.

To succeed in their claim, Plaintiffs must provide "proof positive" that they were misled by an authorized tax official.  *Webb v. Dept. of Rev.*, 18 OTR 381, 384 (2005).  This is a "stringent proof requirement" for which "[m]ere testimony that the government orally misguided taxpayer, is generally, by itself, insufficient."  *Id*. (citing *Hoyt Street Properties v. Dept. of Rev.*, 18 OTR 313, 319 (2005) and *Schellin v. Dept. of Rev.*, 15 OTR 126, 131 (2000).)  The court has previously noted the "many possibilities for misunderstanding with oral communication." *Mahler v. Dept. of Rev.*, 11 OTR 367, 370 (1990).  Vague and general descriptions of an oral communication are generally insufficient proof, though specific allegations may suffice.  *See Webb*, 18 OTR at 384-85.

Accurate but incomplete information is generally not misleading; taxpayers must "look[] to published law to fill the void."  *See Webb*, 18 OTR at 386.  For instance, in *River Place Partners*, the taxpayer called the county to inquire about an extension for appealing its property tax assessment.  *River Place Partners, LLC v. Multnomah Cnty. Assessor*, TC-MD 060059D, 2006 WL 2237254 at *1 (Or Tax M Div July 24, 2006).  The county allegedly told taxpayer that it could appeal directly to the tax court if it missed its BOPTA filing deadline.  *Id.*  The taxpayer failed to appeal to BOPTA and appealed directly to this court.  *Id.*  The court found taxpayer's evidence of the oral communication lacked specificity sufficient to prove that the statement was misleading.  *Id.* at *2.  Additionally, the court found the taxpayer should have "looked to the applicable law" if it had further questions about the appeals process.  *Id.*

Similarly, here, Plaintiffs received accurate but incomplete information from Defendant. The sales comparison approach – referenced by Defendant in conversations with Plaintiffs – is

one of three approaches to value that must be considered when determining real market value; the other two are the cost approach and income approach. OAR 150-308-0240(2)(a). In addition, "a recent, voluntary, arm's length" sale of the subject property "is important in determining its market value." *Kem v. Dept. of Rev.*, 367 Or 111, 114 (1973). Notwithstanding, Plaintiffs alleged that Defendant stated the recent sales of the subject properties "had no bearing" on their real market values. The court finds insufficient evidence to determine whether that statement was misleading; perhaps Defendant had reasons to think the sales were unreliable. Ultimately, it was clear from the communications that Defendant was expressing its opinion of value. It was also clear that Plaintiffs understood that they could appeal to BOPTA, even though they felt the appeal would be pointless given Defendant's position. In sum, the court finds that Plaintiffs were not mislead concerning their right to appeal to BOPTA for the 2019-20 tax year. Thus, they have not satisfied the requirements of ORS 305.288(3) to appeal the 2019-20 tax year.

B.      *2020-21 Tax Year Plaintiffs' Aggrievement with Regards to Real Market Value*

Defendant moved to dismiss Plaintiffs' appeal of the 2020-21 tax year, arguing that Plaintiffs are not aggrieved. To appeal to this court, a person must be "aggrieved by and affected by an act, omission, order or determination of" a county assessor. ORS 305.275(1)(a). The court has construed this to mean that the taxpayer has "an immediate claim of wrong," one that would result in a reduction of taxes due for the year at issue. *See Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). Here, Plaintiffs have accepted the subject properties' 2020-21 real market values determined by BOPTA; as a result, they are not aggrieved with respect to those values. Plaintiffs have also requested a reduction in the subject properties' 2020-21 maximum assessed values. If successful in their claim, they would receive a reduction in their 2020-21 property taxes and are, therefore, aggrieved with respect to the subject properties' maximum assessed

values.[3]  Thus, the question becomes whether Plaintiffs have stated facts sufficient to support their claim that the 2020-21 maximum assessed values should be reduced.

Measure 50, passed in 1997, introduced the concept of maximum assessed value, which was originally calculated by taking a property's 1995-96 real market value and subtracting 10 percent.  Or Const, Art XI, § 11(1)(a).[4]  For each successive year, the maximum assessed value may increase by no more than three percent over the prior year.  ORS 308.146(1).  As this court recently explained in *MW 2000 Wilson, LLC v. Multnomah County Assessor*, TC-MD 200230N, 2021 WL 4317367 (Or Tax M Div Sept 23, 2021), there are a limited number of exceptions to the three percent limit on increasing maximum assessed value that were enumerated in Measure 50.  *See* ORS 308.146(3).  Beyond those enumerated exceptions, the legislature has created additional statutory bases to adjust maximum assessed value, including when property is destroyed or damaged due to fire or act of God, or when a building is demolished or removed from the property.  *See* 1999 Or Laws ch. 1003; 2007 Or Laws ch. 516.  In the absence of a clear constitutional or statutory basis, courts have declined to adjust maximum assessed value.  *See, e.g., Chart Development Corp. v. Dept. of Rev.*, 17 OTR 170, 171, 172-176 (2003) (finding no basis to adjust taxpayer's maximum assessed value after "taxpayer razed one or more structures on the property and removed a quantity of timber from the property"; "voluntary retirements and removals" did not qualify as a casualty loss or a loss due to fire or act of God).

Here, the subject properties' 2020-21 maximum assessed values were calculated in accordance with ORS 308.146(1); they are each 103 percent of the 2019-20 assessed values.

---

[3] A property's assessed value is the lesser of its real market value or maximum assessed value.  *See* ORS 308.146(2).  Here, the subject properties' 2020-21 maximum assessed values were lesser than their real market values, thus becoming the 2020-21 assessed values.

[4] Measure 50 amended Oregon's Constitution but was later adopted by the legislature and codified in the ORS.  For ease of reference, the court refers to the statutory provisions.

Other than correcting the 2019-20 maximum assessed values, Plaintiffs have identified no statutory or constitutional bases supporting their requested reduction to the 2020-21 maximum assessed values. Because the court has concluded that Plaintiffs' appeal of the 2019-20 tax year must be dismissed, the court similarly concludes that the 2020-21 tax year must be dismissed.

### III. CONCLUSION

Upon careful consideration, the court concludes that Defendant's motion to dismiss must be granted. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted. Plaintiffs' Complaint is dismissed.

_____

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on October 20, 2021.***