IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

OBSIDIAN SELF STORAGE LLC, )
and STEVEN SENGER, )
　 )
　　　　Plaintiffs, ) TC-MD 240559N
　 )
　　v. )
　 )
DESCHUTES COUNTY ASSESSOR, )
　 )
　　　　Defendant. ) **DECISION OF DISMISSAL**

　　　This matter came before the court on Defendant's Motion to Dismiss (Motion), arguing Plaintiffs' Complaint should be dismissed because Plaintiffs failed to first appeal to the Board of Property Tax Appeals (BOPTA)[1] and because Plaintiffs' Complaint does not satisfy any conditions under ORS 305.288.[2] Plaintiffs responded that the assessment of property identified as Account 205432 (subject property) for the 2023-24 tax year was excessive compared to similar properties, and that Defendant's representative discouraged Plaintiffs from appealing. The Motion is now ready for determination.

I. STATEMENT OF FACTS

　　　On September 6, 2024, Plaintiffs appealed the subject property's 2023-24 real market value (RMV), seeking a reduction from $606,790 to $400,000 based on the "assessment[s]" of similar properties. (Compl at 1-2.) The subject property is a commercial mini storage facility. (Def's Mot at 2; *see also* Compl at 1 (indicating commercial property).) Plaintiffs did not appeal to BOPTA before appealing to this court. (Decl of Stephanie Marshall at 1.) Plaintiff Steven

---

[1] BOPTA was renamed the Property Value Appeals Board as of July 1, 2024. 2023 Or Law ch 29, sec. 43.

[2] References to the Oregon Revised Statutes (ORS) are to 2023.

Senger explained that when he contacted Defendant's office in November 2023 to discuss the assessment, Defendant's representative stated that the property tax seemed right and "you should see the long list of people that fight their tax bill and lose." (Ptfs' Ltr, Nov 7, 2024.) Senger felt "discouraged" and "moved on." (*Id.*) Defendant disputes that its staff ever made that statement: "Appraisers in the Assessor's Office recognize, and do not dissuade taxpayers from exercising, their right to appeal property tax statements." (Def's Reply at 2; *see also* Decl of Dan Russell at 1 (stating that he took the call and did not discourage Senger from appealing to BOPTA).)

## II. ANALYSIS

The first issue is whether this court may hear Plaintiffs' appeal for the 2023-24 tax year even though Plaintiffs did not appeal to BOPTA. If not, the second issue is whether Plaintiffs may appeal under ORS 305.288 despite their failure to appeal to BOPTA. Although Plaintiffs ultimately bear the burden of proof by a preponderance of the evidence under ORS 305.427, on a motion to dismiss the court accepts Plaintiffs' factual allegations as true. *See Shevtsov v. Dept. of Rev.*, TC 5441 at 1 (Or Deny Def-Inv's Mot to Dismiss, Oct 28, 2022).

A.    *BOPTA Appeal and ORS 305.288*

As this court has explained, the "primary avenue" for taxpayers to contest the property value assessed by the county is to file an appeal with BOPTA under ORS 309.100. *See, e.g., Vollertsen v. Deschutes County Assessor*, TC-MD 210060N, 2021 WL 4892288 at *2 (Or Tax M Div, Oct 20, 2021). When a taxpayer may appeal to BOPTA, "then no appeal may be allowed" to this court. ORS 305.275(3). Here, there is no dispute that Plaintiffs failed to appeal to BOPTA, so their appeal may not proceed under ORS 305.275(3).

/ / /

/ / /

If a taxpayer fails to appeal to BOPTA, then the taxpayer may appeal to this court if the appeal satisfies one of the conditions found in ORS 305.288. *See also Vollertsen*, 2021 WL 4892288 at *2. The first condition, for a value error of at least 20 percent in certain properties used as a dwelling, does not apply here because the subject property was a commercial storage facility. *See* ORS 305.288(1). The second condition for "good and sufficient" cause is not restricted based on property type, so the court next considers if it applies. *See* ORS 305.288(3).

B.      *Good and Sufficient Cause Under ORS 305.288(3)*

"The tax court may order a change or correction * * * if, for the year to which the change or correction is applicable, the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." ORS 305.288(3). "Good and sufficient cause" is "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal[.]" ORS 305.288(5)(b)(A). It "does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." ORS 305.288(5)(b)(B).

Plaintiffs allege that they chose not to appeal after Senger spoke with a representative of Defendant's office. Accepting Plaintiffs' alleged facts as true, the question becomes whether Defendant's representative gave Senger misleading information that he relied upon in deciding not to appeal. This is closely related to the doctrine of estoppel.[3] *See River Place Partners, LLC v. Multnomah County Assessor*, TC-MD 060059D, 2006 WL 2237254 (Or Tax M Div, Jul 24,

---

[3] A successful estoppel claim requires taxpayer to prove: "(1) misleading conduct on the part of the department; (2) taxpayer's good faith, reasonable reliance on that conduct; and (3) injury to taxpayer." *Webb v. Dept. of Rev.,* 18 OTR 381, 383 (2005).

2006) (applying estoppel analysis for ORS 305.288). Essentially, Plaintiffs argue *but for* the comments of Defendant's representative—that the property tax amount seemed right and appeals are likely to be unsuccessful—Plaintiffs would have appealed to BOPTA.

To make a successful estoppel claim, taxpayer must provide "proof positive" that they were misled by an authorized tax official and that they relied on that misleading information. *Webb,* 18 OTR at 384. This is a "stringent proof requirement" for which "[m]ere testimony that the government orally misguided taxpayer, is generally, by itself, insufficient." *Id. citing Hoyt Street Properties v. Dept. of Rev.*, 18 OTR 313, 319 (2005) and *Schellin v. Dept. of Rev.*, 15 OTR 126, 131 (2000). "There are many possibilities for misunderstanding with oral communication." *Mahler v. Dept. of Rev.*, 11 OTR 367, 370 (1990). Important context may be missing, such as the question the taxpayer asked. *See Schellin*, 15 OTR at 132. Vague and general descriptions of an oral communication are generally insufficient proof, though specific allegations may suffice. *See Webb,* 18 OTR at 384-85.

If true, the alleged statement of "you should see the long list of people that fight their tax bill and lose" is unsupportive of Defendant's assertion that Defendant's staff uniformly recognize taxpayers' right to appeal. It does not inspire confidence in the fairness of the property tax appeals system and the court does not condone or endorse the statement. The oral statement is not, however, a specific misdirection that qualifies as "misleading information" under ORS 305.288(5)(b)(B). Defendant did not give information that contradicted the right of appeal or the deadline to appeal. *See Hoyt*, 18 OTR at 319-20. Property tax statements are required to include notice that the value may be appealed, and Plaintiffs have not alleged that the statement for the subject property lacked that written notice. *See* Oregon Administrative Rule 150-311-0250(17). Plaintiffs have not alleged facts showing that they failed to appeal to BOPTA due to reliance on

Defendant's misleading information.  Plaintiffs' appeal may not, therefore, proceed under ORS 305.288(3).

III.  CONCLUSION

Upon careful consideration, the court grants Defendant's Motion to Dismiss.  Plaintiffs did not first appeal to BOPTA, and the circumstances asserted for failing to appeal to BOPTA do not meet the standard for good and sufficient cause under ORS 305.288(3).  Now therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted; Plaintiffs' appeal of property identified as Account 205432 for the 2023-24 tax year is dismissed.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on February 12, 2025.*